UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

VICTOR CAIN,                              )
                                          )
     Defendant/Petitioner,              )
                                          )
v.                                        )     No. 2:09-CR-31 (23)
                                          )        (2:13-CV-12)
UNITED STATES OF AMERICA,                 )
                                          )
     Respondent.                        )

## MEMORANDUM AND ORDER

Defendant/Petitioner, Victor Cain, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his sentence should be reduced under the Fair Sentencing Act [Doc. 1147].

On December 31, 2009, Petitioner signed a plea agreement with the United States in which he pleaded guilty to conspiring to distribute and to possess with the intent to distribute 50 or more grams of crack cocaine.[1] The United States Probation Office reported that Petitioner was responsible for distributing 240.4 grams of crack.[2] Petitioner's criminal history was extensive, and United States Probation Office classified him as a Career Offender within the meaning of § 4B1.1(b) of the 2009 version of the United States Sentencing Guideline Manual. After a three-level reduction in his offense level due to acceptance of responsibility, his total offense level was 34.

---

[1] Doc. 319
[2] Presentence Report ¶ 23

As far as the Guidelines were concerned, the sentencing range was 262 to 327 months.[3] However, because he had two prior felony convictions for drug offenses, the United States filed an information pursuant to 21 U.S.C. § 851 that Petitioner was subject to a mandatory minimum sentence of life under 21 U.S.C. § 841(b).[4]

Prior to sentencing, the United States moved to dismiss its § 851 Notice with respect to one of the prior enhancing convictions, as a result of which Petitioner's statutory sentence became 20 years to life.[5]

On September 17, 2010, the Court sentenced Petitioner to the statutory minimum, 20 years, which was a variance of 22 months below the bottom of the guideline range.[6]

On August 3, 2010, the Fair Sentencing Act became law, and the base penalty for distributing 240.4 grams of crack was reduced to 5 to 40 years, which would be enhanced to 10 years to life due to Petitioner's prior felony conviction.[7]  In *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court held that the lower statutory penalties under the Fair Sentencing Act should apply to persons whose offenses were committed before August 3, 2010 but who were sentenced thereafter, *id.,* at 2335. Petitioner therefore is potentially entitled to receive the benefit of the lower statutory penalties, which the government concedes.[8]

The Fair Sentencing Act of course had no effect on Petitioner's guideline range; as a Career Offender under the Guidelines, his range remains 262 to 327 months.

---

[3] Presentence Report ¶ 82
[4] Doc. 316
[5] Doc. 588
[6] Judgment, Doc. 756
[7] The term of supervised release was reduced from 10 or more years to 8 years.
[8] Government's response, Doc. 1254.  The government also waived reliance on the statute of limitations.

2

In his § 2255 motion, Petitioner asserts that this Court should reconsider his sentence and determine if it would have imposed a lesser sentence upon him in light of the lower statutory minimum sentence established by the Fair Sentencing Act.

Even after the Fair Sentencing Act's reduction in the penalties for crack cocaine offenses, Petitioner's current sentence is within the new statutory sentencing range, and of course it is below the bottom of his Guideline range. Nevertheless, recalling that this court initially believed that a 22-month variance to the statutory minimum as it then existed was warranted, the court believes that in view of the new statutory minimum, another sentencing hearing should be held to determine if a further variance is justified.

Petitioner's §2255 motion, doc. 1147, is **GRANTED**. A new sentencing hearing will be scheduled by separate order. Attorney Sandra Jelovsek is **RE-APPOINTED** to represent petitioner in that sentencing hearing and all matters related thereto. The clerk is directed to so notify attorney Jelovsek. Federal Defender Services is relieved of any further responsibility in this case.


        SO ORDERED:


                            s/ R. Leon Jordan
                            United States District Judge