UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VICTOR CAIN, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:18-CV-039; 2:09-CR-031 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Victor Cain has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 5], and Petitioner has not replied. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

---

[1] All docket references are to Case No. 2:18-CV-039 unless otherwise noted.

I.

*Background*

Petitioner and 31 co-defendants were charged in a 103-count superseding indictment. [Case No. 2:09-CR-031, doc. 178]. In December 2009, Petitioner entered into a plea agreement with the government. [*Id.*, doc. 319]. He agreed to plead guilty to Count One, a conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of sections 841(a)(1), 841(b)(1)(A), and 846 of Title 21, United States Code. The Court conducted a change of plea hearing on March 3, 2010.

The probation office subsequently disclosed its Presentence Investigation Report, deeming Petitioner a career offender pursuant to United States Sentencing Guidelines Manual § 4B1.1 due to two prior controlled substance convictions. Petitioner's advisory guideline range, as a career offender, was 262 to 327 months. Additionally, he was subject to an enhanced mandatory minimum sentence of 240 months. [Case No. 2:09-CR-031, docs. 316, 588]. The Court held Petitioner's sentencing hearing in September 2010 and imposed a below-guideline sentence of 240 months' imprisonment.

Petitioner did not file a direct appeal of his sentence or conviction. Instead, he submitted a counseled § 2255 motion to vacate in January 2013. The Court granted that motion in light of the Fair Sentencing Act of 2010 and *Dorsey v. United States*, 567 U.S. 260 (2012). [Case No. 2:09-CR-031, doc. 1312].

The Court conducted a resentencing hearing in March 2016. Petitioner's career offender advisory guideline range remained 262 to 327 months but, post-*Dorsey*, his enhanced mandatory minimum dropped from 240 to 120 months. The Court imposed a below-guideline sentence of 180 months in light of Petitioner's post-offense rehabilitation. [*Id.*, doc. 1333].

Petitioner did not appeal that sentence. He did, however, file the instant *pro se* § 2255 motion in March 2017. The Court initially treated the filing as a second or successive § 2255 petition and transferred it to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. [Case No. 2:09-cr-031, doc. 1406]. The Sixth Circuit concluded that authorization of a second or successive petition was unnecessary because the instant filing is Petitioner's first § 2255 motion pertaining to the March 2016 amended judgment. [*Id.*, doc. 1410]. The case was remanded to this Court for further proceedings.

According to the Bureau of Prisons, the defendant is presently set to be released from federal custody on July 22, 2020. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 24, 2020).

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*,

3

334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

III.

*Analysis*

The instant Petitioner presents a single argument—that he should no longer be deemed a career offender. [Case No. 2:09-CR-031, doc. 1395]. He relies on three cases: *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). Petitioner's argument is without merit.

*Mathis* addressed the Armed Career Criminal Act ("ACCA") *statute* rather than the advisory career offender *guideline*. Moreover, *Mathis* did not announce a new rule of constitutional law, nor has the Supreme Court made it retroactively applicable to cases on collateral review. *See Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017); *see also United States v. Gentry*, No: 5:12-cr-127-KKC-EBA-3, 2017 WL 4081875, at *2 (E.D. Ky, Aug. 4, 2017) ("Notably, even if

4

*Mathis* could be applied retroactively, its holding concerns ACCA enhancements specifically, but . . . Gentry's sentence was enhanced under the Sentencing Guidelines, and not the ACCA.").

Next, *Hinkle* was not a Supreme Court case. "[A] Fifth Circuit holding cannot create or set forth a new rule of constitutional law, let alone create a new rule that could retroactively apply to cases on collateral review[.]" *Gentry*, 2017 WL 4081875, at *2.

As for *Hill*, that case is not on point. It is true that in *Hill* the Sixth Circuit applied the Supreme Court's retroactive *Descamps* ruling to a petitioner challenging his career offender status. *Hill*, 836 F.3d at 599-600. The Sixth Circuit did so, however, solely because Hill had been sentenced under the then-*mandatory* 2001 Sentencing Guidelines. *Id.* ("[W]e reiterate that our decision addresses only a narrow subset of § 2241 petitions: … prisoners who were sentenced under the mandatory guidelines regime[.]"). Conversely, the instant Petitioner was sentenced *after* the guidelines were made advisory by *United States v. Booker*, 543 U.S. 220 (2005). *Hill* did not extend *Descamps* to petitioners sentenced under the advisory guidelines. As such, *Hill* is of no benefit to the instant Petitioner.

Lastly, the Court recognizes the Sixth Circuit's recent *en banc* decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), which postdates the parties' briefing in this case. Were Petitioner sentenced today, *Havis* might well dictate that he is not a career offender. "But Petitioner cannot invoke *Havis* to attack the qualifying status of this conviction (or any conviction) in the current proceeding which is a collateral attack on his

5

conviction and sentence. Petitioner is unable to avail himself of the *Havis* decision because it has not been made retroactive to cases on collateral review, including motions to vacate sentence." *Church v. United States*, No. 3:17-CV-00972, 2020 WL 1703864, at *10 (M.D. Tenn. Apr. 8, 2020) (citation and quotation omitted).

IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could

6

not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan  
United States District Judge
